**UNITED STATES of America**

v.

**E. I. DU PONT DE NEMOURS & CO. et al.**

**No. 49 C 1071.**

United States District Court
N. D. Illinois, E. D.
Nov. 3, 1958.

George D. Reycraft, Jr., and Eugene J. Metzger, Dept. of Justice, Washington, for government.

Earl A. Jinkinsen, Department of Justice, Anti-trust Division, Chicago, Ill., for the United States.

John Lord O'Brian, Hugh B. Cox, Charles A. Horsky and Daniel Gribbon, Washington, D. C.

George Ragland, Jr., Sidley, Austin, Burgess & Smith, Chicago, Ill., for E. I. Du Pont De Nemours & Co.

Henry M. Hogan, Detroit, Mich.

Leo Tierney, Mayer, Friedlich, Spiess, Tierney Brown & Platt, Chicago, Ill., for General Motors.

Dewey, Ballantine Bushby, Palmer & Wood, New York City.

Howard Ellis, Chicago, Ill., for defendants Christiana & Delaware.

Andrew J. Dallstream, Chicago, Ill., Manuel E. Cowen, Chicago, Ill., amici curiæ.

LA BUY, District Judge.

The government requests that the court enter a preliminary injunction enjoining and restraining defendants from having interlocking corporate personnel and duPont, Christiana and Delaware from voting General Motors stock or increasing their equity interests in General Motors. Said motion is supported by the affidavit of government counsel, wherein he avers that

"In view of the substantial agreement of the parties and amici curiae concerning the minimum relief which is required in this case to eliminate the effects of the acquisition of General Motors stock by du Pont, the government asks that this minimum relief be granted without further delay. * * * "

In addition, affiant avers that General Motors has announced changes of a "far reaching nature in the organization of that company" reportedly being selection of a new Chairman of the Board and a new President appointed by its directors; that the present board includes six persons "who are at the present time directors of du Pont" and that it is "substantially agreed among the parties to this case and amici curiae" that these should no longer be permitted to serve in this dual capacity; that the election of directors was accomplished in large part through the exercise of voting rights of the unlawfully acquired stock now held by du Pont which all parties are agreed may no longer be exercised by du Pont.

Therefore, it is requested that

(1) du Pont, Christiana and Delaware be enjoined and restrained from exercising voting rights, or soliciting any other person in any manner with respect to exercising voting rights, directly or indirectly, on General Motors stock, by whomever owned of record or beneficiary;

(2) General Motors be restrained and enjoined from having as a director, officer or employee any person who is a director, officer or employee of du Pont, Christiana or Delaware;

(3) du Pont, Christiana and Delaware be enjoined and restrained from having as a director, officer, or employee any person who is a director, officer or employee of General Motors;

(4) du Pont, Christiana and Delaware be enjoined and restrained from nominating any person as a director, officer or employee of General Motors;

(5) du Pont, Christiana and Delaware be enjoined and restrained from acquiring directly or indirectly any General Motors stock provided they shall not be prevented from (1) accepting any shares which may be distributed by General Motors with respect to outstanding shares

already held, or (2) electing to exercise rights to purchase General Motors stock which are made available on an equal basis to all General Motors stockholders.

On June 3, 1957, the Supreme Court of the United States, 353 U.S. 586, 77 S. Ct. 872, 1 L.Ed.2d 1057, found a violation of the Clayton Act, 15 U.S.C.A. §12 et seq. The government urges that this finding ipso facto supports its conclusion that irreparable injury will result in delaying the granting of the relief requested, until the entry of a final decree. No evidence was offered at a hearing on this motion, other than the affidavit of government counsel, and it appears that it is predicated on the same factual circumstances which prevailed at the time the Supreme Court made its decision sixteen months ago, except for the vague averment that General Motors has recently announced "far reaching changes in the organization of that company".

Counsel for defendants deny that they would not object to the granting of the relief requested at this stage of the proceeding. It is a matter of public record that an election of Board members and officers of General Motors was held in May 1958, some months previous to this motion. Counsel for defendants state that there is no need to restrain the exercise of voting rights now because there will be no election of General Motors officers and directors until May 1959.

Defendants counsel represent that du Pont has not purchased any General Motors stock during the past twenty-seven years, and offer to stipulate that no additional stock will be acquired in the future. Counsel for Christiana and Delaware assure the court that their clients have no intention of purchasing any General Motors stock.

The government has agreed to present its evidence on January 26, 1959, at the hearing for the final relief to be granted, which hearing includes the portion of the relief now sought on this motion.

It appears to the court that the final phase of this case will be determined soon and the end of this protracted litigation is in sight. The court is of the opinion that the circumstances do not justify the inexpedience of a piecemeal determination of issues at this posture of the case; that is, on the eve of the final disposition.

Further, the court is of the opinion that the government has failed to show that irreparable injury will result if the relief requested is not granted immediately.

This memorandum shall constitute the court's findings of fact and conclusions of law and an order has this day been entered denying the motion for preliminary injunction.